IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 07-22306-CIV-MOORE/GARBER

RAYAD JIMMY MOHAMMED,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant,
_____/

**CLOSED CIVIL CASE**

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss First Amended Complaint (dkt # 14).[1]

UPON CONSIDERATION of the Motion, the record, and being otherwise fully advised in the premises, the Court enters the following Order.

**I.    BACKGROUND**

Plaintiff, Rayad Jimmy Mohammed, was born on November 9, 1981, in the Republic of Trinidad and Tobago ("Trinidad"). 1st Amend. Compl. ¶ 6. Plaintiff's mother, Raabia Mohammed, moved to the United States in 1984. Id. Raabia Mohammed obtained a divorce in the State of New York in May 1988, and was awarded legal custody of Plaintiff. Id. Plaintiff's mother subsequently remarried, and she and her United States citizen husband petitioned to adjust Plaintiff's status to that of a lawful permanent resident of the United States. Id.

---

[1] Because Plaintiff incorporated his Motion for Summary Judgment (dkt # 15) into his Response (dkt # 20), the Court considers arguments raised in the Motion for Summary Judgment, its Response and Reply as part of the Motion to Dismiss to the extent applicable in that context.

On June 9, 1996, Plaintiff's mother was naturalized in Miami, Florida. Id. ¶ 7. On August 11, 1996, Plaintiff entered the United States as a lawful permanent resident. Id. On or about May 21, 2001, Plaintiff was convicted in the Circuit Court, Broward County, Florida, of burglary and resisting arrest without violence. Id. ¶ 8.

On April 25, 2005, Plaintiff was returning from a visit to Trinidad and sought entry to the United States at Miami, Florida. Id. ¶ 9. He was traveling on a passport issued by the Government of Trinidad. Id. Plaintiff was denied admission to the United States and placed in removal proceedings due to his 2001 conviction, which involved a crime of moral turpitude. Id. At the time of his detention, Plaintiff told the Department of Homeland Security ("DHS") Officers that his mother was a United States citizen. Id. When DHS contacted Plaintiff's mother to inform her of Plaintiff's detention, his mother told the DHS employee that she was a United States citizen. Id.

In his removal proceedings, Plaintiff was represented by counsel. Id. ¶ 10. He applied for a waiver of removal. A hearing was held before an immigration judge on July 27, 2005. Id. At the conclusion of the hearing, the Immigration Judge denied Plaintiff's application for a waiver of removal and ordered Plaintiff removed to Trinidad. Plaintiff initially advised the Immigration Judge that he wanted to appeal. On August 2, 2005, Plaintiff notified the Immigration Court that he no longer desired to pursue an appeal. Id.

Thereafter, Plaintiff retained a new attorney. On August 12, 2005, Plaintiff's new attorney applied to DHS for a stay on the final order of removal. Id. ¶ 11. In the application for stay, Plaintiff's new attorney asserted that Plaintiff had become a U.S. citizen when his mother naturalized. On August 30, 2005, Plaintiff was removed from the United States to Trinidad. Id.

¶ 10. On September 1, 2007, counsel for DHS received a court order staying Plaintiff's removal, pending a hearing set for September 12, 2005 on Plaintiff's new attorney's assertion that Plaintiff became a U.S. citizen when his mother naturalized. Id. ¶11. On March 9, 2006, Judge Foster recognized that Plaintiff became a U.S. citizen when his mother was naturalized in 1996 and issued an order reopening and terminating the alien removal proceedings.

## II. STANDARD

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988). "[A] complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory." Bowers v. Hardwick, 478 U.S. 186, 201-02 (1986) (Blackmun, J., dissenting) (quotations omitted); see Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997). Nonetheless, to withstand a motion to dismiss, a complaint must allege facts sufficient "to raise a right to relief above the speculative level[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964–65 (2007). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964–65 (citations and quotes omitted).

### III. ANALYSIS

#### A. FTCA: False Arrest and False Imprisonment

Plaintiff alleges that the United States, through its officers, "falsely arrested and imprisoned him." 1st Amend. Compl., ¶ 18. The elements of a cause of action for false arrest/imprisonment include: (1) "the unlawful detention and deprivation of liberty of a person;" (2) "against that person's will;" (3) "without legal authority or 'color of authority;'" and (4) "which is unreasonable or unwarranted under the circumstances." Montejo v. Martin Memorial Medical Center, Inc., 935 So. 2d 1266, 1268 (Fla. Dist. Ct. App. 2006).

Plaintiff argues that he was falsely arrested/imprisoned during four phases. Pl. Reply (dkt 32) at 1–5. In the first phase, Plaintiff was originally detained on April 25, 2005, as he attempted to enter the United States from Trinidad, using a passport issued by the country of Trinidad. 1st Amend. Compl. ¶ 9. Plaintiff was held in custody pending the outcome of a removal proceeding. Phase II began on June 13, 2005, when Plaintiff's first attorney provided the DHS attorney with a copy of Plaintiff's mother's naturalization certificate. Phase III began on August 12, 2005, after the Court had issued a final order of removal, when Plaintiff's second attorney filed a motion to stay removal, asserting for the first time that Plaintiff was a U.S. citizen. Phase IV began on August 30, 2005 when Plaintiff was deported to Trinidad and required to stay there until the U.S. government recognized in March 2006 that Plaintiff became a U.S. citizen in 1996.

A complaint is subject to dismissal under Rule 12(b)(6) when its allegations, on their face, show that an affirmative defense bars recovery on the claim. Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003) (citing Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001)). Under Florida law, probable cause is an affirmative defense to a false arrest claim.

Mailly v. Jenne, 867 So. 2d 1250, 1251 (Fla. Dist. Ct. App. 2004); Fla. Game & Freshwater Fish Commission v. Dockery, 676 So. 2d 471 (Fla. Dist. Ct. App. 1996).

The factual allegations in the first amended complaint establish that the immigration inspectors had probable cause to believe that Plaintiff was an alien and inadmissible to the United States. Plaintiff was born in Trinidad in November 1981, of parents who were both aliens. 1st Amend. Compl. ¶ 6. He was admitted to the United States as a lawful permanent resident alien on August 11, 1996. Id. ¶ 7. He was convicted in May 2001 of burglary and resisting arrest without violence. Id. ¶ 8. Further, Plaintiff was traveling on a passport issued by the country of Trinidad. Id. ¶ 9.

Additionally, the appropriate standard to apply in determining whether the immigration inspectors had sufficient basis to detain Plaintiff is not probable cause, but the federal standard in 8 U.S.C. § 1225(b)(2)(A) of "clearly and beyond a doubt entitled to be admitted." *See* Caban v. United States, 728 F.2d 68 (2nd Cir. 1984); *see also* Smith v. State of Florida, 719 So. 2d 1018 (Fla. Dist. Ct. App. 1998) (applying federal law to determine whether a federal law enforcement officer had a lawful basis upon which to detain and search a suspect). Under the facts alleged, Plaintiff was not clearly and beyond a doubt entitled to be admitted.

Further, "[w]henever any person . . . attempts to enter the United States, the burden of proof shall be upon such person to establish that he is eligible to receive such visa or such document, or is not inadmissable under any provision of this chapter." 8 U.S.C. § 1361. The factual allegations in the First Amended Complaint show that Plaintiff was traveling on a Trinidad passport and did not assert that he was a U.S. citizen until after the final order of removal had been issued. Therefore, it is clear on the face of the complaint that Plaintiff did not

5

meet his burden of proof to show that he was admissible into the United States. The factual allegations further show that there was ample support for the DHS officers to conclude that Plaintiff was a deportable alien.

Further, because Plaintiff was legitimately arrested, Plaintiff's detention pending removal proceedings and during the removal proceedings is not actionable for false imprisonment. Jackson v. Navarro, 665 So. 2d 340, 341 (Fla. Dist. Ct. App. 1995) ("*If the imprisonment is under legal authority it may be malicious but it cannot be false. . . .* [I]mprisonment under process regular and in legal form issued by lawful authority is not false.") (citations omitted) (emphasis in original). Thus, Plaintiff has not stated a claim for false arrest/imprisonment during Phase I.

Phase II began when Plaintiff's first attorney provided the DHS attorney with a copy of Plaintiff's mother's naturalization certificate. Plaintiff argues that, when DHS received a copy of the naturalization certificate, the Government should have known that Plaintiff automatically derived citizenship under § 321 of the Immigration and Nationality Act (the "INA"), 8 U.S.C. § 1432, when his mother was naturalized.

In relevant part, § 321 of the INA provided in 1996 that:

(a) A child born outside the United States of alien parents . . . becomes a citizen of the United States upon fulfillment of the following conditions:

. . .

(3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents . . . ; and if

(4) Such naturalization takes place while such child is under the age of

eighteen years; and

(5) Such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent last naturalized under clause (1) of this subsection, or the parent naturalized under clause (2) or (3) of this subsection, or thereafter begins to reside permanently in the United States while under the age of eighteen years.

8 U.S.C. § 1432. Although Plaintiff and his first attorney did not realize it initially, Plaintiff became a U.S. citizen under this statue in 1996, when his mother with sole legal custody became a naturalized citizen. Plaintiff argues that knowledge of his citizenship should be imputed to the Defendant.

As discussed above, up to the time DHS received a copy of Plaintiff's mother's naturalization certificate, Plaintiff was legally in custody pending removal proceedings. Plaintiff, having attempted to enter the United States from another country, failed in his burden to prove that he was admissible. 8 U.S.C. § 1225(b). Even after DHS received the mother's naturalization certificate, Plaintiff did not meet his burden of proving admissibility. Neither Plaintiff nor the attorney that sent the naturalization certificate asserted that Plaintiff was a U.S. citizen. Further, Plaintiff does not allege that Defendant knew (1) whether Plaintiff's father also naturalized before Plaintiff reached the age of 18 (8 U.S.C. § 1432(a)(1)); (2) whether Plaintiff's father had died (8 U.S.C. § 1432(a)(2)); (3) whether Plaintiff's parents were legally separated; (4) if Plaintiff's parents were legally separated, whether Plaintiff's mother had legal custody of Plaintiff when she naturalized (8 U.S.C. § 1432(a)(3)); (4) whether Plaintiff was under age 18 at the time the naturalization occurred (8 U.S.C. § 1432(a)(4)); and (5) whether Plaintiff was in the

United States, pursuant to a lawful admission, when the naturalization occurred, or whether he began to reside permanently in the United States while under the age of 18 years (8 U.S.C. § 1432(a)(5)).

Further, the Complaint does not address additional issues arising out of the application of § 1432(a)(3). A child only derives citizenship from the naturalization of a legally separated parent if the parent has "sole legal custody." Bustamante-Barrera v. Gonzales, 447 F.3d 388 (9th Cir. 2006). Defendant is not alleged to have had knowledge that Plaintiff's mother had "sole legal custody" rather than shared custody. Also, the application of the "legal separation" requirement can be met "only by a formal act which, under the laws of the state or nation having jurisdiction of the marriage, alters the marital relationship either by terminating the marriage (as by divorce), or by mandating or recognizing the separate existence of the marital parties." Id. at 132. Defendant is not alleged to have been aware of the means by which Plaintiff's parents were separated.

Plaintiff argues that the U.S. government should be charged with constructive knowledge of the facts relating to Plaintiff becoming a citizen derivatively when his mother naturalized, and cites Man Khac Nguyen v. U.S., 2001 WL 637573 (N.D. Tex. 2001) and Perez v. U.S., 502 F. Supp. 2d 301 (N.D.N.Y. 2006) to support his contention. However, these cases are not binding on this Court, and they are distinguishable because they do not involve the right of the United States to deny admission to a person arriving at its border. See Def. Resp. (dkt # 29) at 15–18 (the Court adopts Defendant's analysis distinguishing these cases).

Finally, as discussed above, Plaintiff's detention pending removal proceedings and during the removal proceedings is not actionable for false imprisonment. Jackson, 665 So. 2d at 341.

Even if Plaintiff could prove during Phase II that he was admissible, detention during legal proceedings to determine whether he should be removed is not actionable for false imprisonment.

Phase III began after the final order of removal had been issued, when Plaintiff's second attorney moved for a stay of removal and asserted for the first time that Plaintiff was a U.S. citizen. However, Plaintiff does not allege that the motion set forth exactly how Plaintiff satisfied each of the requirements of § 321 of the INA. Ultimately, the Judge issued an order staying removal and setting a hearing on Plaintiff's new assertion that he was a U.S. citizen. Unfortunately, DHS did not receive the order staying removal until September 1, 2005, two days after Plaintiff's deportation. 1st Amend. Compl. ¶ 11. Plaintiff might have been able to avoid deportation with evidence that might have been presented at the hearing; nonetheless, DHS acted legally when it acted in accordance with the final order of removal, because it had not received the order staying removal. It was not improper for DHS to act pursuant to the last legal order it had received. Further, it was permissible to detain Plaintiff during this process. *See* Jackson, 665 So. 2d at 341. Therefore, taking Plaintiff's allegations as true, Defendant did not falsely imprison or arrest Plaintiff in Phase III.

Phase IV covers the time Plaintiff was deported and not allowed to return to the United States. Eventually, DHS determined that Plaintiff had derivatively acquired U.S. citizenship when his mother was naturalized. Soon thereafter, Plaintiff was issued a U.S. passport and the U.S. Department of Justice moved to reopen and terminate the removal proceedings against Plaintiff. 1st Amend. Comp. ¶ 12–13. The Court finds that the time it took to process and determine that Plaintiff was a U.S. citizen did not constitute false imprisonment. Further, in this case, merely refusing Plaintiff entrance into the U.S. would not constitute false imprisonment.

## IV. CONCLUSION

Because Plaintiff's arrest and detainment were lawful, Plaintiff cannot state a claim for false arrest/imprisonment. Accordingly, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss First Amended Complaint (dkt # 14) is GRANTED. The Clerk of Court is instructed to CLOSE this case. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 21st day of December, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record